UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN STEPHENS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 07-CR-20531-9
CIVIL CASE NO. 12-CV-11966

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 293)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate Kevin Stephens' ("Stephens") federal custodial sentence. (Doc. 293.) The Court has not ordered the government to respond because it finds for the reasons explained below that Stephens' motion

does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

### B.      Background

Stephens was charged in three counts (1, 21, 22) of a 29-count superseding indictment with: conspiracy to distribute and possess with intent to distribute fifty grams or more of a substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); distribution of 50 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on October 1, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 21); and distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on October 17, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 22). On February 5, 2008, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Stephens had been previously convicted of two felony drug offenses in Saginaw County and thus was subject to enhanced penalty provisions. (Doc. 76.)

On July 21, 2008, Stephens pleaded guilty to Count 22 of the superseding indictment and Counts 1 and 21 were dismissed pursuant to the Rule 11 agreement. (Doc. 140.) In the agreement, the government noted that it recommended that the court determine the applicable guideline range as 120 to150 months, whereas Stephens recommended a range of 70 to 87 months. (Doc. 140 at 4.) After a presentence investigation report was prepared that categorized Stephens as a career offender based on a Michigan conviction for third-degree fleeing and eluding, the resulting guideline range increased to 262 to 327 months. (Doc. 223 at 8.) A sentencing hearing was held

and the court asked Stephens whether he wished to withdraw his plea since any subsequent career offender designation was one of the specific exceptions in the Rule 11 agreement that would allow withdrawal of the plea. (Doc. 224 at 6.) Based on the choices Stephens faced if he were to withdraw his plea and the other counts (1 and 21) were reinstated, Stephens indicated that he did not want to withdraw his plea and that he was "going with the career offender." (Doc. 224 at 6-7.) Stephens was sentenced on January 29, 2009, the second day of his sentencing hearing. On February 5, 2009, judgment was entered and Stephens was committed to the Bureau of Prisons for 262 months. (Doc. 211 at 2.)

Stephens appealed and on August 30, 2010, the Sixth Circuit affirmed the conviction and sentence. (Doc. 258.)[1] Stephens argued on appeal that the district court erred by sentencing him as a career offender, that the district court erred by failing to take into account his age, absence of previous gun charges, and minor roles when considering sentencing factors under 18 U.S.C. § 3553(a), and that, as a result, his sentence was procedurally unreasonable. The Sixth Circuit held:

> As we have consistently rejected Stephens argument that the Michigan crime of fleeing and eluding in the third degree is not a 'crime of violence' within the meaning of the Guidelines, we find that the district court did not err in characterizing Stephens as a career offender. As the district court's analysis of the 3553(a) factors, while brief, was sufficient, we also find that the district court did not err in sentencing Stephens and that Stephens's sentence was not procedurally unreasonable. Accordingly, we affirm the district court's sentence.

(Doc. 258 at 13.)

Stephens filed the instant motion to vacate his sentence on April 27, 2012. (Doc. 293.) In the motion, Stephens contends under ground one that his trial counsel was ineffective because "[t]he performance of counsel fell below an objective standard of reasonableness." (Doc. 293 at

---

[1] The mandate was filed on September 21, 2010. (Doc. 260.)

4.) Stephens cites numerous cases but does not make any specific argument as to why he believes counsel was ineffective. (Doc. 293 at 18-32.) Ground two asserts that counsel was ineffective because "[t]he mandatory application for career offender Guidelines should have merited a motion for downward departure." (Doc. 293 at 5, 33-44.) Ground three contends that counsel was ineffective because he "failed to request a variance from the career offender designation under USSG 4A1.3." (Doc. 293 at 7, 45-48.) Stephens' last ground, ground four, argues that counsel was ineffective because he "ought to have objected to the use of Petitioner's prior conviction, suffered at age 17, which resulted in a sentence of probation, as a Career Offender predicate." (Doc. 293 at 8, 49-50, Ex. 1 at 1-10.) Although argued separately, Stephens' arguments all target the same issue: that counsel was ineffective for failing to object to the career offender designation or, alternatively, for failing to seek and obtain a downward departure from the guideline range that was calculated using the career offender designation.

### C.     Governing Law

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under

4

section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights

5

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### D.   Analysis and Conclusions

First, counsel argued on behalf of Stephens' position at the sentencing hearing, and the court found the argument unpersuasive. (Doc. 223 at 2-6; 224 at 3-6.) In this circuit, counsel is not ineffective for raising arguments unsuccessfully. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). Therefore, I suggest that Stephens cannot prevail on this basis.

Second, since the appellate court addressed the issues underlying Stephens' ineffective assistance claims, I suggest that these claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178

F.3d 790, 796 (6th Cir. 1999). Stephens has alleged no such exceptional circumstances justifying further review, and the record reveals none.

It could be argued that these grounds were not raised on direct appeal because now they are brought under the rubric of ineffective assistance of counsel. However, where the appellate court has held that the errors alleged were harmless, any claims that an attorney was ineffective for failing to raise these same errors are also procedurally barred. *United States v. Ramirez*, 327 Fed. App'x 751, 752 (9th Cir. 2009) ("Because we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[2]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Stephens now contends that his trial counsel was ineffective for failing to prevent errors that the Sixth Circuit held lacked merit. Since the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Stephens as required under *Strickland*. *See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Stephens's section 2255 motion should be denied.

---

[2] *See also Hestle v. United States*, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

To the extent that Stephens argues that he should not be considered a career offender because he was a low level offender, the Sixth Circuit has rejected claims that the "career offender guideline results in a punishment greater than necessary to punish a street-level offender," nor does the Sixth Circuit "countenance" arguments that "applying the career-offender guideline to low-level drug dealers serves no deterrence purpose, because other low-level drug dealers will emerge to take their place." *United States v. Vaughn*, 444 Fed. App'x 875, 882 (6th Cir. 2011).

I therefore suggest that Stephens has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### E. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "We have observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*,

8

178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Stephens cannot show any prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Stephens is not entitled to a hearing on the allegations raised in his motion.

### III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

9

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                   s/ Charles E. Binder
                                                    CHARLES E. BINDER
Dated: May 17, 2012                         United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Kevin Stephens #41868039, Allenwood Medium FCI, P.O. Box 2000, White Deer, PA 17887.

Date:  May 17, 2012                    By    s/Patricia T. Morris
                                                       Law Clerk to Magistrate Judge Binder