UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN STEPHENS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Case No. 07-CR-20531-9
Civil Case No. 12-CV-11966

Honorable Thomas L. Ludington

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Kevin Stephens was charged in three counts of a 29-count superseding indictment with conspiracy to distribute and possess with intent to distribute fifty grams or more of a substance containing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); distribution of 50 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on October 1, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 21); and distribution of 5 grams or more of a substance containing cocaine base, commonly known as crack cocaine, on October 17, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 22).

On February 5, 2008, a Notice of Penalty Enhancement was filed pursuant to 21 U.S.C. § 851, indicating that Stephens had been previously convicted of two felony drug offenses in Saginaw County and thus was subject to enhanced penalty provisions. ECF No. 76.

On July 21, 2008, Stephens pleaded guilty to Count 22 of the superseding indictment and Counts 1 and 21 were dismissed pursuant to the Rule 11 agreement. ECF No. 140. In the Rule 11

agreement, the government noted that it recommended that the court determine the applicable guideline range as 120 to150 months, whereas Stephens recommended a range of 70 to 87 months. ECF No. 140 at 4. After a presentence investigation report was prepared that categorized Stephens as a career offender based on a Michigan conviction for third-degree fleeing and eluding, the resulting guideline range increased to 262 to 327 months. ECF No. 223 at 8. A sentencing hearing was held and the court asked Stephens whether he wished to withdraw his plea since any subsequent career offender designation was one of the specific exceptions in the Rule 11 agreement that would allow withdrawal of the plea. ECF No. 224 at 6.

Based on the choices Stephens faced if he were to withdraw his plea and the other counts were reinstated, Stephens indicated that he did not want to withdraw his plea and that he was "going with the career offender." ECF No. 224 at 6-7. Stephens was sentenced on January 29, 2009, the second day of his sentencing hearing. On February 5, 2009, judgment was entered and Stephens was committed to the Bureau of Prisons for 262 months. ECF No. 211 at 2.

Stephens appealed and on August 30, 2010, the Sixth Circuit affirmed the conviction and sentence. ECF No. 258. Stephens argued on appeal that the district court erred by sentencing him as a career offender, that the district court erred by failing to take into account his age, absence of previous gun charges, and his minor role in his prior convictions when considering sentencing factors under 18 U.S.C. § 3553(a), and that, as a result, his sentence was procedurally unreasonable. The Sixth Circuit held:

> As we have consistently rejected Stephens argument that the Michigan crime of fleeing and eluding in the third degree is not a 'crime of violence' within the meaning of the Guidelines, we find that the district court did not err in characterizing Stephens as a career offender. As the district court's analysis of the 3553(a) factors, while brief, was sufficient, we also find that the district court did not err in sentencing Stephens and that Stephens's sentence was not procedurally

unreasonable. Accordingly, we affirm the district court's sentence.

Stephens then filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255, on April 27, 2012. ECF No. 293. In the motion, Stephens first contends that his trial counsel was ineffective because "[t]he performance of counsel fell below an objective standard of reasonableness." *Id.* at 4. Stephens cites numerous cases but does not make any specific argument as to why he believes counsel was ineffective. *Id.* at 18-32. Second, Stephens asserts that counsel was ineffective because "[t]he mandatory application for career offender Guidelines should have merited a motion for downward departure." *Id.* at 5, 33-44. Stephens' third argument is that counsel was ineffective because he "failed to request a variance from the career offender designation under USSG 4A1.3." *Id.* at 7, 45-48. Finally, Stephens argues that counsel was ineffective because he "ought to have objected to the use of Petitioner's prior conviction, suffered at age 17, which resulted in a sentence of probation, as a Career Offender predicate." *Id.* at 8, 49-50, Ex. 1 at 1-10.

Stephens' motion was referred to Magistrate Judge Charles E. Binder for hearing and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder completed his report and recommendation on May 17, 2012. Although argued separately, Judge Binder concluded that Stephens' arguments all target the same issue: that counsel was ineffective for failing to object to the career offender designation or, alternatively, for failing to seek and obtain a downward departure from the guideline range that was calculated using the career offender designation. Judge Binder recommends denying Stephens' motion because: (1) Stephens' trial counsel was not ineffective for raising arguments unsuccessfully; (2) the appellate court addressed the issues underlying Stephens' ineffective assistance of counsel claims and thus the claims are procedurally barred; and (3) the appellate court concluded that Stephens' claims lacked merit and any failure on the part of counsel

for not raising meritless claims could not have prejudiced Stephens as required under *Strickland*. Stephens filed an objection to Judge Binders' report and recommendation on June 14, 2012.

The Court agrees with Judge Binder's conclusions and will adopt his report and recommendation. As will be explained herein, Stephens' objections will be overruled and his motion to vacate sentence will be denied.

**I**

Stephens objects to Judge Binders' conclusion that the arguments advanced in his motion to vacate sentence are duplicative of those presented and decided on appeal. Stephens emphasizes that his argument in his current motion is that trial counsel was ineffective because the Court was not properly alerted that it possessed the discretion to make a departure from the sentencing guidelines that were based on his career offender status. More specifically, Stephens contends that the Court was not made aware of its ability to depart from the Guideline range under U.S.S.G. §4A1.3 or §5 part K. Stephens notes there is a difference between a departure under these provisions and a variance under 18 U.S.C. § 3553(a), and the appellate court only addressed his arguments regarding a variance under §3553(a) on appeal.

U.S.S.G. §4A1.3 provides that if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted. U.S.S.G. §5 part K enumerates other grounds for both upward and downward departures and it is unclear which subsection Stephens believes would be applicable to his sentencing.

However, as Judge Binder observed in his report and recommendation, counsel did argue that a departure pursuant to U.S.S.G. §4A1.3 was appropriate, even though counsel did not specifically

cite to this authority. More specifically, counsel advised the Court that it has "an immense amount of discretion" in imposing a sentence beginning at the mandatory minimum of 10 years, and that a sentence in the range of 10 to 15 years would be "adequate time to cause [Stephens] to reflect and reconsider" his actions. ECF No. 224 at 9-10. Counsel also argued that the guideline range included in the Rule 11 agreement of 120 to 150 months adequately reflected the seriousness of the offense and that counsel disagreed that Stephens' past record should result in doubling his sentence under the circumstances as a result of the career offender determination. ECF No. 224 at 10-11. The Court rejected this argument in determining that a sentence of 262 months was appropriate. In this circuit, counsel is not ineffective for raising arguments unsuccessfully. See *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). Stephens' objection will be overruled.

## II

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the

underlying merit of the petitioner's claims. *Id*. At 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.

Having considered the matter, the Court concludes that Petitioner Stephens cannot make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted in this case.

### III

Accordingly, it is **ORDERED** that Stephens' objection (ECF No. 302) is **OVERRULED**.

It is **ORDERED** that Judge Binder's report and recommendation (ECF No. 296) is **ADOPTED**.

It is **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Stephens' motion to vacate, set side, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 293) is **DENIED**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: August 31, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Keving Stephens #41868039, FCI Allenwood, P.O. Box 2000, White Deer, PA 17887 by first class U.S. mail on August 31, 2012.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS