UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN STEPHENS,

      Petitioner,                                Case No. 07-20531
                                                   Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER DENYING PETITONER'S
## MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Kevin Stephens brings a motion for a certificate of appealability, alleging that his constitutional rights were violated by ineffective counsel during sentencing. He has previously raised this argument in this Court and the Sixth Circuit, and it was found unpersuasive on both occasions. That conclusion remains, and Petitioner's motion will be denied.

**I**

During the course of 2007, Petitioner was a member of the Sunnyside Gang in Saginaw, Michigan. The gang was notorious for selling crack cocaine on the south side of Saginaw, and the government took an interest in stopping the gang's activities. Investigations in 2005 and 2007 led to the arrest, indictment, and conviction of numerous gang members. During the 2007 investigation, Petitioner was twice involved in controlled purchases of crack cocaine, and was subsequently arrested for his participation. Eight grams of crack cocaine were then found on Petitioner's person while he was transported to jail.

On July 21, 2008, Petitioner pled guilty to count 22 of the first superseding indictment: possession with intent to distribute 5 or more grams of cocaine base in violation of 21 U.S.C. §

841(a)(1). A United States Probation Officer prepared a Presentencing Investigation Report, in which she concluded that Petitioner was a career offender under the Federal Sentencing Guidelines — he had numerous juvenile and adult convictions, including arson, possession of a loaded handgun in public, possession of cocaine, attempted delivery of a controlled substance, unlawful use of a motor vehicle, and fleeing and eluding police. Further, at the time of his arrest, Petitioner was on parole from both felony and misdemeanor convictions. The Probation Officer established that Petitioner's Guidelines range should be 262–327 months. This Court adopted that recommendation, and offered Petitioner an opportunity to withdraw his plea. He declined, stating he was "going to go with the career offender." He was then sentenced to 262 months in prison on January 29, 2009.

Petitioner appealed his sentence to the Sixth Circuit, arguing that this Court erred in sentencing him as a career offender, and also failed to properly consider the § 3553(a) factors. The Sixth Circuit disagreed, and Petitioner's sentence was affirmed. *See United States v. Stephens*, 393 F. App'x 340 (6th Cir. 2010).

Petitioner then filed a motion to vacate his sentence on April 27, 2012, alleging ineffective assistance of counsel based on four grounds: (1) that counsel's performance fell below an objective standard of reasonableness; (2) the application of career offender Guidelines should have merited a motion for downward departure; (3) counsel failed to request a variance from career offender designation; and (4) counsel failed to object to one of Petitioner's prior convictions. Magistrate Judge Charles Binder issued a report recommending Petitioner's motion be denied, to which Petitioner objected, again reiterating his arguments. This Court issued an order overruling Petitioner's objections, adopting Judge Binder's report and recommendation, and denying a certificate of appealability. ECF No. 312.

Ignoring this Court's order, Petitioner has now filed a motion for a certificate of appealability. ECF No. 316. He again alleges this his counsel was ineffective, this time because (1) counsel did not object to the introduction of the pre-sentence report, and (2) counsel did not object when the Court "treated the Guidelines as mandatory," and further failed to bring § 3553(a) factors to the Court's attention. Upon examination, Petitioner's arguments lack merit, and his motion will be denied.

## II

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v.McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255.

### III

Petitioner's claims have already been ruled upon, both in the Sixth Circuit and in this Court, and no reasonable jurists could conclude differently. Both courts independently found that Petitioner's counsel were constitutionally sound. Although he now claims they erred in not objecting to the presentence report, this is not error when the report is "amply supported," *Spearman v. Birkett*, 10 F. App'x 287, 289 (6th Cir. 2001), but instead "fall[s] within the range of professional discretion recognized by *Strickland* [*v. Washington*, 466 U.S. 668, 689 (1984)]." Petitioner does not claim the information in the report was false, only that it should have been excluded. That decision, however, rests with counsel. The fact that they chose not to object to the introduction of the report, which was supported by the evidence in the case, is not grounds for constitutional error.

Additionally, Petitioner's argument that counsel should have objected when "the court treated the guidelines as mandatory" and failed to present § 3553(a) factors to the Court was specifically addressed when Petitioner's certificate of appealability was denied on August 31, 2012. The August 31 order established:

> [C]ounsel did argue that a departure pursuant to U.S.S.G. §4A1.3 was appropriate . . . More specifically, counsel advised the Court that it has 'an immense amount of discretion' in imposing a sentence beginning at the mandatory minimum of 10 years, and that a sentence of 10 to 15 years would be 'adequate time to cause [Petitioner] to reflect and reconsider' his actions. . . . In this circuit, counsel is not ineffective for raising arguments unsuccessfully. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court."). [Petitioner's] objection will be overruled.

ECF No. 312, 4–5. Further, because the Sixth Circuit already established that this Court's review of the § 3553(a) factors was legally sufficient, *Stephens*, 393 F. App'x at 347, Petitioner's counsel could not have erred by failing to bring those factors to the Court's attention.

- 5 -

Petitioner's claims are without merit. Having considered the matter, the Court concludes that he cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

## IV

Accordingly, it is **ORDERED** that Petitioner's Motion for a Certificate of Appealability, ECF No. 316, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Kevin Stephens #41868039, FCI Allenwood, P.O. Box 2000, White Deer, PA 17887 by first class U.S. mail on October 26, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS